UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO ALEJANDRO MONTES-ROLDAN,<br><br>Defendant. | Case No. 21-cr-40071-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Diego Alejandro Montes Roldan's ("Defendant") Appeal of Magistrate Judge Order and Request for De Novo Review. (Doc. 44). Specifically, Defendant requests to be granted pretrial release pursuant to a *de novo* review. The United States of America ("Government") has responded (Doc. 45).

I.   **Factual Background**

Defendant is charged in an indictment for one count of attempted enticement of a minor in violation 18 U.S.C. § 2422(b). Defendant was arrested on November 9, 2021. The Government moved to detain him because he was a flight risk and a danger to the community. Defendant requested he be placed in a halfway house. On November 17, 2021, Magistrate Judge Reona J. Daly ("Judge Daly") held an initial appearance on the criminal complaint (Doc. 6) and heard arguments on the Government's Motion to Detail (Doc. 5). Upon hearing the arguments from both Defendant and the Government, Judge Daly ordered the Defendant detained.

Specifically, Judge Daly found that Defendant was a flight risk and a danger to the community. Additionally, Judge Daly reasoned that there was a strong weight of evidence against the Defendant, lengthy incarceration if convicted, a history of alcohol or substance abuse, lack of significant community or family ties to his district, significant family or other ties outside the

1

United States, lack of a legal status in the United States, and that he was subject to deportation or removal after serving any period of incarceration. (Doc. 5).

The Government relied on the criminal complaint which outlined communications between Defendant and the minor, who in actuality was an FBI Online Covert Employee ("OCE"). The conversation was sexual nature where Defendant was having a conversation with a purported 14-year-old to have sex and impregnate her.[1] The Government noted that this "is troubling when the defendant is married with an 11-month-old child in Indiana." On November 9, 2021, Defendant traveled from Indiana to Karnak, Illinois to meet with the 14-year-old. FBI Agents intercepted him and conducted an interview with Defendant. Defendant admitted to the conversations with the OCE and indicated he was planning on meeting the 14-year-old and intended to engage in sex with her. He also admitted he was undocumented living in the United States and originally lived in Mexico.

On November 17, 2021, a grand jury returned a true bill of an indictment against the Defendant charged him with attempted enticement of a minor. (Doc. 14). The Defendant waived his appearance before Judge Daly on the indictment (Doc. 20). On December 30, 2021, Defendant filed a motion to reconsider his detention. A hearing was held and Judge Daly denied that motion on January 11, 2022. (Doc. 27, 28).

---

[1] The Government proffers additional evidence after reviewing Defendant's phone that Defendant began communicating with a 14-year-old on TikTok. Defendant misrepresented his age as 16-years-old and stated he wanted to start a relationship with her, impregnate her, and start a family with her. Defendant began requesting child pornography and, after the 14-year-old told Defendant her mother monitors her account, Defendant requested that she make "fake" accounts to send Defendant the nude photographs discretely. Victim's mother eventually discovered their communications and notified the Illinois State Police, who told the FBI. The FBI OCE took over the conversation from then on. (Doc. 45 at 5-6). Additionally, the Government indicates on this analysis of Defendant's phone that agents discovered an additional victim who is a 14-year-old living in Indiana. He similarly misrepresented his age as 19-years-old and requested the 14-year-old to produce child pornography. *Id*. 8-9.

## II.     Analysis

After a Defendant's arrest, a magistrate judge conducts a hearing to determine whether the defendant should be detained or released pending trial. *See* 18 U.S.C. § 3142(a). During the hearing, the defendant "shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f)(2). If the magistrate judge issues a detention order, then she must "include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(h). A defendant ordered detained by a magistrate judge may seek *de novo* review in the district court. 18 U.S.C. § 3145(b). Ultimately, in assessing whether a defendant should be detained pending disposition, the judge must consider "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). The district judge can rely on the statutorily created rebuttable presumption that no condition or combination of conditions would be sufficient to protect the community. 18 U.S.C. § 3142(e); *United States v. Portes*, 786 F.2d 758, 763 (7th Cir. 1985).

The District Court may rely on the transcript of the preceding hearings as its source of evidence. *United States v. Torres*, 929 F.2d 291 (7th Cir 1991). Additionally, the Seventh Circuit Court of Appeals has held that a finding of either danger to the community or risk of flight will be sufficient to detail the defendant pending trial. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985); *Portes*, 786 F.2d at 765. The Government bears the burden of showing that no set of conditions will reasonably assure a defendant's appearance.

The Court finds that the nature and circumstances of Defendant's conduct was serious and the weight of the evidence was strong. Specifically, the Government cites the evidence obtained

from Defendant's phone which demonstrates a sexually charged conversation and Defendant believed he was speaking with a 14-year-old child. Additionally, the Government points to an additional minor victim that Defendant had sexually charged conversations with and attempted to solicit pornography from. The Court believes this conduct is serious.

Next, the history and characteristics of the Defendant weigh in favor of detention. Specifically, the Defendants does not have proper documentation to stay in the United States. The Court agrees with the parties that documentation is not an absolute bar for pre-trial release, the Court considers the fact he is subject to removal proceedings as a factor in assuring his appearance or the safety of the community.

In rebutting a presumption, a defendant needs to produce some evidence he will not flee or danger the community. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Defendant argues that Defendants rebut the presumption of detention by showing the magistrate judge that he resided in Indianapolis for over 14 years, he was residing with his parents, wife and child until the arrest in this case, he has several family ties, has employment at Continental Tire, has no criminal history until this point, he can be at a Halfway House where he will be supervised and have no children reside, and could have restrictions in Indiana like curfew or travel outside the area. (Doc. 44 at 9). The Court believes that Defendant has presented evidence to rebut the presumption. However, after considering the presumption and the other factors this Court is required to consider, the Court finds that detention is warranted.

The Court notes that the Defendant is young (24 years old). While Defendant argues he has strong ties in Indianapolis and has been there for 14 years, the Court believes that his age coupled with serious mental health issues, concerns this Court and weighs against assuring his appearance in this district. Additionally, Defendant committed the instant offense of traveling four hours to

this district from Indiana while he was living with his parents, which indicates that having family around him did not deter him from criminal conduct and concerns the safety of the community at large. The Court also notes that the additional victim, found upon inspection of his phone, is serious – this was not a one-time offense but demonstrates a pattern of behavior towards victimizing young children. Additionally, the lack of documentation and status of this country concerns this Court. The fact that Defendant, a young man, is subject to deportation also weighs against assuring his appearance. While the Court is sympathetic that Defendant has a small child at home with his wife, Defendant committed the offense when he had a small child at home.

While the Court agrees with Defendant that Defendant has no criminal history, the fact that there may be additional victims is concerning. Defendant also argues that Defendant was in counseling regarding his own victimization (Doc. 44 at 9-10). It is clear that Defendant suffers from significant mental health and substance abuse issues such as depression and self-harm conduct. While this is a mitigating circumstance, Defendant had not engaged in counseling six weeks prior to his arrest and during that time he was having sexually charged conversations with two different 14-year-old children.

For the reasons listed above, the Court DENIES Defendant's Appeal of Magistrate Judge Order and Request for De Novo Review (Doc. 44).

**IT IS SO ORDERED.**
**DATED:  September 2, 2022**

                **/s   J. Phil Gilbert**
                **J. PHIL GILBERT**
                **U.S. DISTRICT JUDGE**