UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 4:21-cr-40071-JPG |
| DIEGO ALEJANDRO MONTES-ROLDAN, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a Motion "for Ineffective Assistance of Counsel." (Doc. 106). On June 12, 2024, the Defendant filed this motion claiming that he received ineffective assistance of counsel.

Generally, ineffective assistance of counsel claims are only cognizable under a § 2255 petition. However:

> [T]he court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

*Castro v. United States*, 540 U.S. 375, 377 (2003). Although the Defendant did not cite it in his motion, the Court believes that Montes-Roldan intends to invoke 28 U.S.C. § 2255. However, the Court is hesitant to construe this as a § 2255 motion without a clear indication that he intends to invoke that statute.

Additionally, while the relief he seeks, usually, is only available through such a motion, the Court of Appeals will review an ineffective assistance of counsel claim on direct appeal under certain circumstances. *See United States v. Boyles*, 57 F.3d 535, 550 (7th Cir. 1995). Moreover, the Defendant's motion raises evidentiary arguments that would ordinarily be

1

reserved for a direct appeal.

Under Rule 4 of the Federal Rules of Appellate Procedure, a notice of appeal may be filed within fourteen days of the entry of judgment. Fed. R. App. P. 4(b). In most cases where a defendant has alleged ineffective assistance of counsel, the appellate period has passed, or the case has already been reviewed by the Court of Appeals. In such cases, a direct appeal is no longer available.

Here, the judgment was entered on May 28, 2024, and the Defendant filed his motion on June 12, 2024; fifteen days after the entry of judgment, not the fourteen days permitted by Rule 4(b). However, as Montes-Roldan is confined in an institution and his filing was postmarked by June 10, 2024—only thirteen days after the entry of judgment—Rule 4(c)(1)(A)(II) dictates that the Court use that date for determining the timeliness of a notice of appeal. The Court, observing that less than fourteen days elapsed between the entry of judgment and the time the motion was deposited in the prison mail system, would consider the motion a timely notice of appeal, provided the Defendant intended the motion to be a notice of appeal.

While it is unclear whether Montes-Roldan intended his motion to serve as a notice of appeal, the Court will not presume the motion is a notice of appeal or functional equivalent at this stage. Montes-Roldan must clarify whether he did or did not wish this motion to serve as a notice of appeal or functional equivalent.

If Montes-Roldan intended his motion to serve as a notice of appeal or functional equivalent, he must file a document with this Court indicating that was what he intended, no later than July 10, 2024. If that is the case, the Court will construe this motion as a timely notice of appeal and follow the appropriate procedures. Filing a notice of appeal would not preclude him from filing a § 2255 petition after his appeal is resolved.

Alternatively, if Montes-Roldan intended his motion to serve as a § 2255, he is advised—but not required—to fill out the form accompanying this order unambiguously asserting his desire to file a § 2255 petition. If Montes-Roldan does fill out and file that form, the Court will construe this motion as an initial petition for § 2255 and construe the submitted form to be a supplement to that petition.

On the other hand, if Montes-Roldan did not intend his motion to be *either* a § 2255 petition or a notice of appeal or functional equivalent; he is warned that the Court will construe his motion as a § 2255 petition, unless he withdraws or amends the motion; or files a notice of appeal or functional equivalent.

**CONCLUSION**

The Court **ADVISES** Montes-Roldan that, if he wishes the motion to be construed as a notice of appeal, he must file a document clarifying that, **no later than July 10, 2024**. The Court **WARNS** Montes-Roldan that if he does not file *either* a notice of appeal or functional equivalent **by July 10, 2024**, or alternatively, if he does not withdraw or amend this pending motion **by July 28, 2024**, that the Court will construe this motion as a § 2255 petition. Consequently, he will be subject to the subsequent filing restrictions contained in 28 U.S.C. § 2255(h).

The Court **DIRECTS** the Clerk of Court to send a copy of the "Motion Under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" form with alongside this order.

**IT IS SO ORDERED.**
**DATED:  June 14, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**